IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROMEO COOLEY,<br>    Petitioner<br><br>    vs.<br><br>DENEEN M. WILLIAMS, et al.,<br>    Defendants. | )<br>)<br>)   C.A. No. 07-14 Erie<br>)   District Judge McLaughlin<br>)   Magistrate Judge Baxter<br>)<br>)<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that this action be dismissed in accordance with 28 U.S.C. §1915(d) for lack of subject matter jurisdiction.

**II.    REPORT**

Petitioner Romeo Cooley, presently incarcerated at the State Correctional Institution at Albion, Pennsylvania, brings this action *pro se*, styled as a "Petition for Modification and/or termination of Child Support."  Petitioner seeks an order from this Court suspending the enforcement of a child support order that was entered by Erie County Common Pleas Court.

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs.  Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..."  A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).  A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the

1

allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(d). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989) the U.S. Supreme Court has instructed that section 1915(d) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In fact, the statue not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), *quoting* Conley, 355 U.S. at 45-46. If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v. MacDougall, 454 U.S. 364 (1982); Haines. Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). *See, e.g.*, Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990).

Plaintiff here is seeking review and reconsideration of a lower state court order for the payment of child support. However, this Court is without jurisdiction to consider Plaintiff's request.

Under the Rooker-Feldman Doctrine,[1] federal courts are prohibited "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted). The relief sought by Plaintiff from this Court would render the state court order "ineffectual." This the Court cannot do. Rooker, 263 U.S. at 415-16 (1923); see also Exxon Mobil Corp. v. Saudi Basic Industries Corp., ___ U.S. ___, 125 S.Ct. 1517, 1520 (affirming that Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments").

Furthermore, this Court is precluded from granting the relief Plaintiff seeks by the domestic relations exception to federal jurisdiction, which "divests federal courts of the power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); see also In re Burrus, 136 U.S. 586, 594 (1890)("[a]s to the right to the control and possession of [a] child, ... it is one in regard to which neither the Congress of the United States nor any authority of the United States has any special jurisdiction").

Based on the foregoing, therefore, this Court lacks subject matter jurisdiction to consider Plaintiff's complaint in this matter, and this case should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed in accordance with 28 U.S.C. § 1915(d) for lack of subject matter jurisdiction.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and

---

[1] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

3

Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation.

                                              S/Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              Chief U.S. Magistrate Judge

Dated: February 6, 2007

cc:     The Honorable Sean J. McLaughlin
        United States District Judge